IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Patricia Williams, as Guardian of James Williams, a disabled person,<br>                    Plaintiff,<br><br>              v.<br><br>Village of Bensenville, Joseph Melone, Brandon Reynolds, and Aaron Cha,<br>                    Defendants. | No. 19 CV 2749 |

**PLAINTIFF'S INITIAL STATUS REPORT**

Plaintiff Patricia Williams, as Guardian of James Williams, a disabled person, by her counsel, submits this initial status report.[1]

A. <u>Date and time of initial status hearing</u>

The initial status hearing is set for July 24, 2019, at 9:10 a.m.

B. <u>Attorneys of record for each party</u>

Plaintiff is represented by John K. Kennedy and Daniel Watkins, II, of Kennedy Watkins LLC. Defendants are represented by Eric A. Krumdick of Maisel & Associates. Each attorney is expected to try the case.

C. <u>The basis of federal jurisdiction</u>

Plaintiff asserts claims against defendants pursuant to 42 U.S.C. § 1983, alleging that they subjected her disabled son, James Williams, to excessive force in violation of the Fourth Amendment. Plaintiff additionally asserts claims against defendants under Illinois law for battery. The Court has original jurisdiction over the section 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction over the state-law claims pursuant to 28

---

[1] Plaintiff's counsel emailed a draft version of this report to defense counsel for input on June 23, 2019, but received an out-of-office notification stating that counsel was on vacation until July 1, 2019. Plaintiff's counsel mis-calendared the due date of the status report as being today, July 19, 2019, rather than Wednesday, July 17, 2019, and did not realize that error until yesterday, July 18, 2019. When plaintiff's counsel realized yesterday that the status report was already a day overdue, plaintiff's counsel emailed defense counsel after hours to follow-up on the June 23, 2019, draft. Plaintiff's counsel then telephoned defense counsel this morning, and spoke with defense counsel's legal assistant, who advised that he is out of the office at present and is not contactable because out of range of mobile phone service. Accordingly, defense counsel has not weighed in on this submission. Plaintiff's counsel apologizes to the Court that this report is untimely, and that his efforts at securing defense counsel's input fell short.

U.S.C. § 1367.

    D.  <u>Whether a jury has been requested and by which party</u>

    Plaintiff's complaint demands trial by jury.

    E.  <u>Nature of claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case</u>

    Plaintiff's complaint asserts claims against defendant Village of Bensenville and three of its police officers, defendants Joseph Melone, Brandon Reynolds, and Aaron Cha, based on their use of allegedly excessive force against plaintiff's disabled son, James Williams. Plaintiff's complaint additionally alleges that each of the officers failed to intervene to stop each other's use of excessive force. According to plaintiff's complaint, plaintiff called 911 on March 20, 2019, requesting that paramedics transport James Williams to a hospital because he was experiencing a mental health crisis. The defendant officers responded to the call and entered the Williams residence. Inside the Williamses' home, defendants Joseph Melone, Brandon Reynolds, and Aaron Cha allegedly used excessive force in needlessly tackling James Williams to the ground, breaking his arm, and deploying a Taser on him without legal justification.

    There are no counterclaims.

    F.  <u>The relief sought by any party, including computation of damages, if available</u>

    Plaintiff seeks an award of compensatory damages against each defendant, and an award of punitive damages against each of the individual officers, in amounts to be determined by the trier of fact.

    G.  <u>The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party</u>

    None.

    H.  <u>The principal legal issues (including the citation to any key legal authority related to such issue)</u>

- Whether defendants' use of force violated James Williams' constitutional rights;
- Whether defendants are entitled to qualified immunity.

    I.  <u>The principal factual issues, including the parties' respective positions on those issues</u>

    The principal factual issue is whether defendants used excessive force on James Williams during their encounter with him on March 20, 2019. Plaintiff contends that the force used was grossly disproportionate to any need. Plaintiff anticipates that defendants may contend that the force used was reasonable, deny that James Williams' constitutional rights were violated, and assert that they are entitled to qualified immunity.

J.  A brief description of all anticipated motions

Plaintiff anticipates that defendants may move for summary judgment at the close of discovery.

K.  A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff

As of the date of this filing, no discovery has been taken or exchanged.

Plaintiff anticipates that the parties will need to exchange written discovery, including interrogatories and requests for production.

Plaintiff anticipates that the parties will likely need to depose Patricia Williams, James Williams, Joseph Melone, Brandon Reynolds, Aaron Cha, unknown paramedics, and James Williams' orthopedic surgeon and any other medical treatment providers.

Plaintiff proposes the following schedule for expert designations and discovery. Plaintiff shall disclose her experts, if any, on or before January 3, 2020. The depositions of any such experts shall be taken on or before February 7, 2020. Defendants shall disclose their experts, if any, on or before March 13, 2020. The depositions of any such experts shall be taken on or before April 17, 2020. Plaintiff shall serve any rebuttal disclosures on or before May 1, 2020. Plaintiff proposes June 1, 2020, as the discovery cutoff.

L.  The earliest date the parties would be ready for trial and the probable length of trial

The earliest date plaintiff anticipates the parties will be ready for trial is August 3, 2020. The probable length of trial is three days.

M.  The status of any settlement discussions and whether a settlement conference would be appropriate

Plaintiff believes that a settlement conference would not be appropriate at this juncture. Plaintiff believes that a settlement conference may be useful in the future, after the depositions of key fact witnesses have been concluded.

N.  Whether the parties will consent to jurisdiction and trial before a magistrate judge

Plaintiff anticipates that the parties will not unanimously consent to proceeding before a magistrate judge.

Respectfully submitted,

By: /s/ John K. Kennedy
John K. Kennedy
Kennedy Watkins LLC
One North State Street, Suite 1500
Chicago, IL  60602
(312) 448-8181
jkennedy@kwlawchicago.com

4