IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Patricia Williams, as Guardian of James Williams, a disabled person,<br>Plaintiff, | |
| v. | No. 19 CV 2749 |
| Village of Bensenville, Joseph Melone, Brandon Reynolds, Aaron Cha, and Alison Valois,<br>Defendants. | JURY DEMANDED. |

**SECOND AMENDED COMPLAINT**

Plaintiff Patricia Williams, as Guardian of James Williams, a disabled person, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1343, 1367, and 12133, and 29 U.S.C. § 794a(a)(2).

2. Plaintiff Patricia Williams is the mother of James Williams. An Illinois circuit judge deemed James Williams to be a disabled adult, and has granted Patricia Williams guardianship over him. Patricia brings this suit in her capacity as James's court-appointed guardian.

3. Patricia Williams and James Williams are residents of this judicial district.

4. Defendant Village of Bensenville is a municipal corporation with its principal office in this judicial district.

5. Defendant Village of Bensenville employs a force of sworn peace officers, including defendants Joseph Melone, Brandon Reynolds, Aaron Cha, and Alison Valois.

6. At all times mentioned herein, defendants Joseph Melone, Brandon Reynolds, Aaron Cha, and Alison Valois were acting with color of law and within the scope of their employment. Plaintiff sues each officer in his individual capacity. Plaintiff additionally asserts state law claims against each officer for battery.

7. Plaintiff asserts a state law claim against defendant Village of Bensenville based on the doctrine of respondeat superior for battery. Plaintiff also joins the Village of Bensenville as the indemnitor of the individual officers on plaintiff's federal claims.

8. On March 20, 2019, plaintiff Patricia Williams called 911 requesting that paramedics transport James Williams to a hospital because he was experiencing a mental health crisis.

9. Defendant Village of Bensenville knew from its employees' prior interactions with James Williams that James Williams was disabled in that he suffered from schizophrenia and was mentally ill and delusional.

10. Defendants Joseph Melone, Brandon Reynolds, Aaron Cha, and Alison Valois responded to the call, and entered the Williams residence.

11. Inside the Williamses' home, defendants Joseph Melone, Brandon Reynolds, Aaron Cha, and Alison Valois used excessive and unreasonable force against James Williams without legal justification and in violation of his Fourth

Amendment rights. The individual officers additionally failed to intervene to stop or prevent each other from using excessive and unreasonable force, also without legal justification and in violation of James Williams's Fourth Amendment rights.

12. In particular, defendants Joseph Melone, Brandon Reynolds, Aaron Cha, and Alison Valois physically attacked James Williams without lawful justification when he posed no threat to them, causing numerous injuries, including a comminuted fracture of his right humerus, which necessitated surgery.

13. More specifically, after observing James Williams "speaking uncontrollably" in his home, defendants decided to arrest and handcuff James Williams, even though he was not violating any laws. Defendants needlessly tackled James Williams to the ground and pulled his arms behind him with such force as to break his arm. Defendant Alison Valois additionally deployed a Taser on James Williams when he was not resisting and posed no threat, causing physical injury and pain and suffering.

14. At all time relevant, the protections of the ADA and the Rehabilitation Act extended to arresting suspects.

15. At all times relevant, employees of defendant Village of Bensenville perceived that James Williams was disabled.

16. The actions of defendant officers in subjecting James Williams to a custodial arrest for "speaking uncontrollably," and using force to make that arrest, were taken on account of James Williams's perceived disability and caused him to sustain damages.

17. Defendant Village of Bensenville is liable for this violation of the ADA and the Rehabilitation Act by its employees.

18. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that judgment be entered in her favor and against all defendants as compensatory damages, in an amount to be determined by the trier of fact, and, additionally, for an award of punitive damages in an amount to be determined by the trier of fact against each of the individual defendants.

By: /s/ John K. Kennedy
**JOHN K. KENNEDY**
**DANIEL WATKINS, II**
Kennedy Watkins LLC
One North State Street, Suite 1500
Chicago, IL 60602
(312) 448-8181
jkennedy@kwlawchicago.com
dwatkins@kwlawchicago.com